IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

DANNY L. BUSHER, #1744900       §

VS.       §       CIVIL ACTION NO. 6:12cv255

MARIE TAYLOR       §

## MEMORANDUM OPINION AND
## ORDER OF DISMISSAL

Plaintiff Danny L. Busher, a prisoner confined in the Texas prison system and previously confined in the Smith County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

## Facts of the Case

The original complaint was filed in this Court on April 9, 2012. Busher complained about the medical care provided by Nurse Marie Taylor while he was confined in the Smith County Jail. On June 19, 2012, Taylor filed a motion for summary judgment (docket entry #21) based on the defense that Busher failed to exhaust his administrative remedies that were available in the Smith County Jail. Busher filed a response (docket entry #33) asserting that he timely filed the requisite grievances.

On August 21, 2012, the Court conducted an evidentiary hearing pursuant to *Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010), to resolve the exhaustion issue. Busher testified that he was housed in a side cell at the Smith County Jail on August 9, 2011. A few days later, Nurse Taylor attempted to remove a dialysis catheter in his chest. She was able to pull it out only a few inches. The portion that was pulled out became infected. The catheter was subsequently removed by a surgeon.

1

Busher testified that he filed grievances over the matter. On cross-examination, he testified that he filed two grievances. He added, however, that he does not read nor write very well. A corporal in the jail filled out the form for him, but he never received a response. He testified that he filled out a Step 2 form two or three weeks later. Busher admitted on cross-examination that he was convicted of the offense of theft, and he agreed that he had basically been a con man over the past twenty years.

Nurse Taylor testified that she is the nursing health care administrator at the jail. She discussed the jail's grievance system. A copy of any grievance filed by an inmate about a medical issue is placed in his medical file. It is the practice and policy of medical personnel to respond to all grievances. Busher's medical records do not contain any grievances filed by him. A copy of Busher's medical records were admitted without objection as Defendant's Exhibit 1. Nurse Taylor testified that she did not remove any grievances from Busher's records. She concluded that he never filed a grievance.

Chief Gary Pinkerton testified that he is the jail administrator and custodian of the jail records. A copy of Busher's jail records were admitted without objection as Defendant's Exhibit 2. Pinkerton went on to discuss the grievance process at the jail. When a grievance is filled out by an inmate and submitted to jail personnel, a copy of the grievance is placed in the inmate's file and another copy is given to the inmate. A sergeant handles the complaint contained in the grievance. Pinkerton testified that the grievance goes up the chain of command and will go to him if it is serious. He testified that there were no grievances in Busher's file. He concluded that Busher never filed a grievance.

In response, Busher again testified that a corporal filled out the grievance form for him and that it was submitted. He acknowledged that he did not receive a copy of a grievance form. He asserted that he does not believe that Chief Pinkerton was lying about the records, but he added that he thought that the grievance system was flawed. Busher further testified that he was new to the system and had never written a grievance before this incident.

<u>Discussion and Analysis</u>

Federal law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e.  In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  After reviewing the provision, the Supreme Court unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001).  Exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  A prisoner must satisfy the requirement of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  More recently, the Supreme Court reiterated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216.

Following the decision in *Jones v. Bock*, the Fifth Circuit provided the following instructions concerning how the exhaustion issue should be handled:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA.  When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits.  If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary. . . . On appeal, when the judge below has served as factfinder, we will review rulings on exhaustion de novo, . . . but will accept the judge's factual conclusions unless they are clearly erroneous.

*Dillon v. Rogers*, 596 F.3d at 272-73 (citations omitted).  The parameters of a *Dillon* hearing is an evolving area of the law.  District courts have found that *Dillon* stands for the proposition that a "trial court may resolve factual disputes concerning exhaustion without the participation of a jury." *Stinson*

3

*v. Edwards*, No. 12-0404, 2012 WL 3028145 at *8 (E.D. La. June 20, 2012) (citing *Dillon*, 596 F.3d at 272). *See also Fields v. Cain*, No. 11-0244-BAJ-CN, 2012 WL 1946510 at *3 (M.D. La. April 12, 2012). Courts have also found that defendants must establish a failure to exhaust by a preponderance of the evidence. *Lewis v. Morehouse Detention Center*, No. 09-0332, 2011 WL 1790466 at *8 (W.D. La. March 3, 2011); *Garner v. Richland Parish Detention Center*, No. 09-0670, 2010 WL 5140704 at *5 (W.D. La. Nov. 4, 2010). The Court finds these decisions to be persuasive.

In the present case, the facts are in dispute as to whether Busher filed any grievances about the medical care provided by Taylor. Busher asserted that a corporal prepared a grievance document on his behalf and that he filed an appeal two or three weeks later. Nonetheless, the preponderance of the credible evidence leads the Court to conclude that Busher did not fully exhaust his administrative remedies. Neither the jail records nor the medical records include any grievance records filed by him. Busher likewise failed to submit any copies of grievance records. Congress' mandate that inmates must exhaust their administrative remedies before proceeding to federal court has not been satisfied in this case. The lawsuit should thus be dismissed for failure to exhaust. It is therefore

**ORDERED** that the complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 22nd day of August, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE